IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:00CR83 |
| Plaintiff, ) | |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| JUSTIN JAMES ALLEE, ) | |
| ) | |
| Defendant. ) | |

Now before the court is Filing No. 278, the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") of defendant Justin James Allee ("Allee"). Defendant asserts ineffective counsel. Also before the court are Filing No. 279, the government's answer to the § 2255 motion, and Filing No. 282, the defendant's brief in reply to the government's answer. For the reasons expressed in this order, I find that the defendant's § 2255 motion to vacate is denied.

**I. Background**

On June 22, 2000, a federal grand jury returned an eleven-count indictment against three alleged co-conspirators in a bank robbery: (1) defendant Justin James Allee, (2) defendant's brother James G. Allee, and (3) defendant Sue A. Bryant. Count I of the superseding indictment charged all three with conspiring to commit the robbery of Westgate Bank in Lincoln, Nebraska, in violation of 18 U.S.C. § 371. Count II charged all three with robbing the Westgate Bank in violation of 18 U.S.C. § 2113 (a) and (d) and 2. Count III charged all three with using and brandishing a firearm during the Westgate Bank robbery in violation of 18 U.S.C. § 924 (c)(1)(A)(ii) and 2. Count IV charged all three with carjacking with the intent to cause death or serious bodily harm in violation of 18 U.S.C.

§ 2119(2) and 2. Count V charged all three with using a firearm during the commission of the carjacking in violation of 18 U.S.C. § 924(c)(1)(A)(iii); 924(C)(ii) and 2. Count XI of the superseding indictment individually charged defendant Justin Allee with being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). Filing No. 60.

The other two charged parties, defendant's brother James G. Allee and Sue A. Bryant, entered pleas of guilty. The defendant Justin Allee tendered a plea of not guilty and proceeded to trial on May 14, 2001. On May 22, 2001, the jury convicted Justin Alee on all counts. Filing No. 184. On September 26, 2001, the court sentenced Justin Allee to 262 months on Counts I, II, IV and X. On the two counts charging use of a firearm during and in relation to a violent crime, the court imposed sentences of 84 months and 300 months to run concurrent to each other and consecutive to the underlying offenses. Filing No. 194. The court filed the aforementioned judgment on October 1, 2001. Filing No. 228.

Defendant filed timely notice of appeal on October 10, 2001. Filing No. 229. On October 17, 2001, the United States filed a Notice of Appeal. Filing No. 234. On appeal, Allee argued that the district court committed three errors: (1) denying his motion for a change in venue, (2) allowing the government to cross-examine Allee regarding a post-Miranda statement, and (3) denying his objection to post-arrest jail conversations. The court found the appeal unsuccessful on all three counts.

**II. Analysis**

Defendant's amended § 2255 motion petitions the court to vacate his sentence on "five grounds." However, each of those five grounds essentially assert that defendant received deficient representation for varying reasons. Thus, the principal issue before the

court is whether defendant received sufficient and effective representation during his trial. Defendant bases his contention that he received deficient representation on five grounds: (1) defense counsel failed to investigate, interview and subpoena four potential witnesses (James G. Allee, Allen Stoller, Danielle Bryant, and Margret M. Lalley); (2) defense counsel failed to adequately investigate the facts of the case; (3) defense counsel improperly objected to part of a "jailhouse informant's" statements; (4) defense counsel improperly denied defendant the right to testify at trial; and (5) defense counsel had a conflict of interest. I shall address each issue in turn.

**1. Four Potential Witnesses**

**a. James G. Allee**

To establish a claim of constitutionally ineffective assistance of counsel, a convicted defendant must show both (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that, but for the deficiency, the likely outcome of the proceeding would have been different. See *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Specifically, defense "[c]ounsel has a duty to make a reasonable investigation based on the information provided by a defendant, particularly when an alibi is involved." See *Hadley v. Groose*, 97 F.3d 1131, 1135 (8th Cir. 1996), citing *Strickland*, 466 U.S. at 691.

Defendant asserts that his counsel improperly failed to investigate, interview and subpoena his brother James G. Allee. In the case at bar, the defendant's counsel interviewed James G. Allee at the Sarpy County Jail, with James G. Allee's counsel present. Filing No. 279, Attach. 1. In their affidavit, defendant's co-counsel, Mr. William J. Pfeffer and Mr. Jeff T. Courtney, stated the following: "counsel for the defendant was left with the distinct impression that James G. Allee was not credible as to the matters of which he spoke. The foregoing, combined with the fact that he was a multiple convicted

felon and had an outburst of significant magnitude at his own sentencing in federal court approximately one month prior to the defendant's trial, led counsel to the conclusion that calling James G. Allee as a witness on behalf of the defendant would be unwise." Filing No. 279, Addendum. It is clear from the affidavit that counsel investigated the background of James G. Allee, familiarized themselves with his relationship to the case, and took the time to interview him in jail. Furthermore, defendant offers no evidence in support of his claim that his counsel failed to adequately investigate James G. Allee as a potential witness. Thus, I find defendant's claim that his counsel failed to properly investigate and interview James G. Allee as a potential witness is without merit.

I turn now to defendant's allegation that his counsel improperly decided not to call Mr. James G. Allee as a witness. "In assessing counsel's performance, courts defer to reasonable trial strategies and indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *United States v. White*, 341 F.3d 673,677 (8th Cir. 2003) (internal quotations omitted). The burden is on the petitioner to show that counsel's representation was not within the range of sound defense strategy. See *Strickland*, 466 U.S. at 690. In the present case, defendant's attorneys stated that they were concerned with Mr. James G. Allee's criminal background, his "unpredictable personality" and potential jury bias against him because he is defendant's brother. Filing No. 279, Attach. 1. Moreover counsel discussed their belief that Mr. James G. Allee should not testify with defendant, and defendant agreed with his counsel at the time. Filing No. 279, Attach. 1. Therefore, I find counsel's decision not to call Mr. James G. Allee reasonable. Defendant's claim that defense counsel's decision not to call Mr. James G. Allee rendered defense counsel's performance deficient is rejected.

Next I consider whether James G. Allee's testimony would have changed the outcome of the trial. As stated earlier, to establish a claim of constitutionally ineffective assistance of counsel, a convicted defendant must show both (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for the deficiency, the likely outcome of the proceeding would have been different. See *Strickland* 466 U.S. at 687. Specifically, defendant must show that "the witness would have testified and that their testimony 'would have probably changed the outcome of the trial.'" *Hadley v. Groose*, 97 F3d 1131, 1135 (8th Cir. 1996), quoting *Stewart v. Nix*, 31 F3d 741, 744 (8th Cir. 1994). To support his claim, defendant offered the affidavit of Mr. James G. Allee which stated, "I explained to him [defendant's attorney] why my brother Justin was innocent and was just trying to help me out." Filing No. 282, Aff. of James G. Allee. The affidavit does not offer any other information or explanation as to why or how defendant is innocent, or how defendant was just trying to help James G. Allee out. In fact, defense counsel stated that Mr. James G. Allee proposed offering testimony that would "differ" from a letter written for the court regarding the events leading to the trial. Counsel asked James G. Allee if the content of the letter was the truth, and when he replied that it was, counsel recommended that he testify to the truth. Filing No. 279, Attach. 1.

As stated earlier, the defendant's counsel reasonably believed that Mr. James G. Allee's relationship, as brother to defendant, would have hindered his effectiveness as a witness. Moreover, the prosecutor would have been able to impeach Mr. James G. Allee's testimony based upon the differing statements in the letter he wrote earlier for the court. Therefore, I find that the testimony of Mr. James G. Allee likely would not have changed the outcome of the trial. Defendant's claim that his counsel failed to properly investigate, interview and call Mr. James G. Allee is denied.

### b. Allen G. Stoler

Next I consider defendant's assertion that his counsel should have called James G. Allee's attorney, Mr. Allen G. Stoler ("Stoler") as a witness. Defendant bears the burden of proving both the counsel's deficiency, and that there was a different result because of the deficiency. Defendant must demonstrate that, absent counsel's errors, there is a reasonable probability that the outcome of the proceeding would have been different. *Evans v. United States*, 200 F.3d 549, 550 (8th Cir. 2000), citing *Strickland*, 466 U.S. at 687. In the case of Stoler, defendant offers no evidence in support of his assertions. No affidavit is provided. Nothing in the record intimates that Stoler would have testified. Stoler did not witness the original bank robbery or surrounding events, and any testimony provided by Stoler would have likely been hearsay. Moreover, Stoler's testimony would entail privileged information. Therefore, I find that defendant has not met his burden. Defendant's claim that defense counsel improperly failed to call Stoler is denied.

### c. Danielle Bryant

Defendant next asserts counsel failed to investigate, interview and subpoena Danielle Bryant. According to defendant, Danielle Bryant would have testified that her mother (Sue Bryant) had told Danielle Bryant prior to the trial that Sue Bryant knew defendant had nothing to do with the bank robbery. Filing No. 278. Again, the burden is on the petitioner to show that counsel's decision was not within the range of sound defense strategy. *See Strickland*, 466 U.S. at 690. Here, aside from his own affidavit, the defendant offers no evidence in support of his assertion. Filing No. 282. The affidavit provided by defense counsel stated:

> Danielle Bryant was involved in numerous phone conversations with the defendant while the defendant was incarcerated prior to trial. Many of the phone conversations were portrayed by the government as attempts to

6

> create an alibi for the defendant, or to otherwise exonerate him. . . . [C]ounsel William Pfeffer specifically asked both Danielle Bryant and Margaret M. Lalley if their respective, proposed testimony would be truthful. Counsel William Pfeffer asked each of them the foregoing question individually and while they were not in each other's presence. Both of them told counsel William Pfeffer that their testimony would not be truthful, but they would testify nonetheless in order to help the defendant.

Filing No 279, Attach. 1.

The trial record shows that indeed taped phone conversations between Justin Allee and Danielle Bryant and Margaret "Peggy" Lalley were offered and accepted as evidence. Government's Exs. 150A and 163A. After reviewing those conversations, it is clear to the court that Justin Allee was attempting to tell potential witnesses *how to testify*. The United States Supreme court has said, "Naturally, the defense counsel's duty to advocate, whether on appeal or at trial, is tempered by ethical rules. For example, counsel may not in his or her zeal to advocate a client's case fabricate law or facts or suborn perjury." *See McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 446 (1988). As shown above, Danielle Bryant told defense counsel that she would commit perjury on the stand to protect the defendant. Furthermore, defendant again agreed with counsel's decision not to call Danielle Bryant at that time. Filing No. 279, Attach. 1. Therefore, I find defense counsel's decision not to call Danielle Bryant (and suborn perjury) reasonable and defendant's claim regarding her is denied.

### d. Margaret M. Lalley

I shall now consider defendant's claim that counsel deficiently failed to investigate, interview, and subpoena Ms. Margaret M. Lalley. According to defendant, Ms. Lalley would have testified that she was with defendant in Omaha, Nebraska, during the bank robbery and police chase in Lincoln, Nebraska, some forty-five minutes away. As stated earlier, defense counsel has a duty not to suborn perjury. *McCoy*, 486 U.S. at 446. Margaret

7

Lalley also stated that she would testify falsely to protect the defendant. Furthermore, defendant offers no evidence to support his claim that defense counsel failed to properly investigate and interview. In addition, when counsel informed defendant that Ms. Lalley could be subject to perjury charges if she testified dishonestly, he agreed that she should not testify. See Filing No. 279, Attach. 1. Therefore, I find defendant's assertion regarding potential witness Margaret M. Lalley without merit.

### 2. Defense Counsel's Investigation of Facts

I now address defendant's second claim that counsel failed to conduct a meaningful investigation into the facts of the case. Again, defendant bears the burden of showing both counsel's deficient performance and that, but for the deficiency, the likely outcome of the proceeding would have been different. See *Strickland*, 466 U.S. at 687. Defendant offers no evidence in support of his claim. Defense counsel's affidavit stated: "An entire counsel table at trial served no purpose other than as a storage facility for the materials. All of the materials were finely combed over by defense counsel. An independent investigation was (also) performed." Filing No. 279, Attach. 1. Furthermore, the record shows that counsel conducted individual interviews of possible witnesses and that previous council conducted an investigation which defense counsel reviewed. Therefore, I find that defendant's claim that his counsel failed to adequately investigate his case cannot be supported.

### 3. Defense Counsel's "Improper" Objection

Defendant also claims that trial counsel erred *by objecting* to part of an unnamed jailhouse informant's testimony. Filing No. 278. Defendant argues that defense counsel's performance was deficient because it should have allowed the informant to testify falsely and then impeached him. With respect to counsel's performance, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified

8

acts or omissions were outside the wide range of professionally competent assistance . . . while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions." See *Strickland*, 466 U.S. at 690.  In the case at bar, the record shows that during the trial defense counsel objected numerous times.  Sometimes the objections were sustained by the court and other times they were not.  The decision to object is tactical in nature and must be made under the special circumstances of limited time constraints.  In addition, defendant makes no showing that the outcome of the trial would have changed.  Therefore, defendant's improper objection claim is denied because granting it would be engaging in judicial second-guessing of trial counsel's tactical decision.

### 4. Defendant's Sixth Amendment Right to Testify at Trial

Fourth, defendant claims that counsel denied him his Sixth Amendment right to testify completely at trial.  "The right to testify on one's own behalf at a criminal trial has sources in several provisions of the Constitution."  See *Rock v. Arkansas*, 483 U.S. 44, 51 (1987).  However, "A defendant's right to testify is not unqualified.  It must, at times, yield to interests of order and fairness."  See *U.S. v. Stewart*, 20 F.3d 911, 917 (8th Cir. 1994), quoting *United States v. Jones*, 880 F.2d 55, 59 (8th Cir. 1989).  In the case at bar, the record shows that defendant testified at length.  Transcript ("TR") at 946-1007.  After the court reporter recorded over sixty pages of testimony including cross-examination and redirect, defendant himself decided in open court, after consultation with his attorney, to step down.  *See Blackledge v. Allison*, 431 U.S. 63,74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").  Furthermore, defendant does not demonstrate that, had he testified further, the outcome of the trial would have been different.  During his testimony, defendant testified specifically that he was in another city the day of the robbery and had nothing to do with the Westgate Bank robbery.  TR 948-

953. Despite this testimony the jury was not convinced and convicted him on all counts. Nothing in defendant's complaint demonstrates that he could have convinced the jury to believe him with further testimony. Therefore, I find that defendant had the opportunity to testify fully and exercised that right. Defendant's argument that counsel denied him the right to testify is completely without merit.

### 5. Conflict of Interest

Lastly, defendant argues that his counsel suffered from a conflict of interest and thus was rendered ineffective. Specifically, defendant asserts that defense counsel's client, Mike Sullivan ("Sullivan"), testified against defendant and defendant's brother in a grand jury proceeding. According to defendant, defense counsel's representation of Sullivan and defendant resulted in a conflict of interest. "A conflict of interest rises to the level of a sixth amendment violation if 'an actual conflict of interest adversely affected [the] lawyer's performance.'" See *United States v. Peeler*, 738 F.2d 246, 250 (8th Cir. 1984), quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980); *United States v. Unger*, 700 F.2d 445, 450 (8th Cir. 1983).

In this case the defendant's attorney, Mr. Pfeffer, did represent Sullivan on an unrelated matter prior to representing Justin James Allee. The record also shows that Sullivan did indeed testify before a state court grand jury that led to an indictment of James G. Allee. Furthermore, when he testified at the state court grand jury proceeding, Sullivan was under the impression that Mr. Pfeffer was his attorney. However, Mr. Pfeffer stated in his affidavit that he had no actual knowledge of Sullivan's testimony to the grand jury. In addition, no direct conflict is evidenced as Mr. Pfeffer never represented Sullivan at trial. Furthermore, Mr. Pfeffer had no knowledge as to the content of Sullivan's testimony. Moreover, the court has reviewed the grand jury testimony of Sullivan, and nothing in his

10

testimony is relevant to the robbery of Westgate Bank in Lincoln or any of the events leading up to defendant's arrest. Finally, and more importantly, Sullivan did not testify in the prosecution's case. Nothing in the record shows that Pfeffer's former representation of Sullivan affected his representation of defendant in any way or changed the outcome of the trial. Therefore, defendant's claim of deficient representation due to a conflict of interest is rejected

THEREFORE, IT IS ORDERED:

1. That Filing No. 278, the Motion under 28 U.S.C. § 2255 to Vacate filed by defendant is denied.

2. A separate judgment of dismissal with prejudice will be filed in accordance with this Memorandum and Order.

DATED this 5th day of May 2005.

BY THE COURT:


s/ Joseph F. Bataillon
Joseph F. Bataillon
United States District Judge