IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:00CR83 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JUSTIN JAMES ALLEE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on remand from the Eighth Circuit Court of Appeals for issuance of a certificate of appealability. Filing No. 295. Also pending before the court are petitioner's "Motion to Amend Title 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Federal Prisoner Pursuant to Federal Rule of Civil Procedure 15(a)," Filing No. 289, and petitioner's "Motion to Stay Appeal Process Pending Filing of Amended 28 U.S.C. § 2255," Filing No. 291.

Prior to the remand from the Eighth Circuit Court of Appeals, petitioner filed a pleading that sought to amend his section 2255 petition in order to add a double jeopardy claim and challenge his sentence. *See* Filing No. 291. He had earlier filed a pleading indicating that he wished to add a *Booker/Blakely*[1] challenge to his section 2255 petition. Filing No. 289. The pleading that raised the *Booker/Blakely* issue was filed eleven days after Allee's 28 U.S.C. § 2255 motion was denied. *Id.* That pleading, in turn, sought to amend a motion for additional time in which to file a habeas corpus action with reference to his state court conviction under 28 U.S.C. § 2254. *See* Filing Nos. 289 and 283. The earlier pleading had been filed before the court issued judgment on the section 2255

---

[1]*See United States v. Booker,* 125 S. Ct. 2531 (2005), and *Blakely v. Washington*, 542 U.S. —, 124 S. Ct. 2531 (2004).

action.  Petitioner is proceeding pro se and it is difficult to discern the precise procedural posture of the present motions in the context of the case.

In view of the fact that the case has been remanded for a determination of issues relating to appealability, principles of judicial economy dictate that this court address petitioner's additional claims in the first instance.  The court will thus construe petitioner's filings as a motion to reconsider arising under Rule 59(e) (motion to alter or amend the judgment).  *See Beck v. Bowersox*, 362 F.2d 1095, 1098 n.2 (8th Cir. 2004) (finding an "objection" to a dismissal order should be treated as a motion under Federal Rule of Civil Procedure 59(e)); *Quartana v. Utterback*, 789 F.2d 1297, 1300 (8th Cir. 1986).  Petitioner's motion was timely filed within ten days of the district court's order under the prison mailbox rule, which applies to Rule 59(e) motions.  *See id.*; *United States v. Duke*, 50 F.3d 571, 575 (8th Cir. 1995).  Thus, the motion should toll the time for filing this appeal.  See *Beck v. Bowersox*, 362 F.2d at 1098 n.2; Fed. R. App. P. 4(a)(4)(A)(iv).

Rule 59(e) allows a district court to correct its own mistakes in the time period immediately following entry of judgment.  *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1285 (8th Cir. 1998).  Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence.  *Id.*  Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.  *Id.*

Accordingly, in the interest of justice, defendant is granted leave to brief the issues relating to his additional arguments and the government will be directed to respond thereto.

The issuance of a certificate of appealability will be held in abeyance pending resolution of these matters.

IT IS ORDERED that:

1. Defendant's "Motion to Amend Title 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Federal Prisoner Pursuant to Federal Rule of Civil Procedure 15(a)," Filing No. 289, and defendant's "Motion to Stay Appeal Process Pending Filing of Amended 28 U.S.C. § 2255," Filing No. 291, are granted.

2. Defendant is granted three weeks from the date of this order in which to file a brief on the issues raised in the motions. The government shall have two weeks thereafter in which to respond.

3. The Clerk of Court is directed to send a copy of this order to the Clerk of the United States Court of Appeals for the Eighth Circuit.

DATED this 2nd day of August, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
UNITED STATES DISTRICT JUDGE