IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiffs, | ) | 8:00CR83 |
| | ) | |
| v. | ) | |
| | ) | |
| JUSTIN JAMES ALLEE, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (§ 2255 motion). In his amended § 2255 motion defendant raises two issues: (1) that his sentence was in violation of double jeopardy; and (2) that the court erred in sentencing defendant in light of Booker/Blakely.

**Double Jeopardy**

Defendant argues that his Fifth Amendment rights were violated when he received multiple punishments for the same offense. Specifically, defendant argues that the $100 special assessment imposed on each count of conviction constitutes multiple punishments. Defendant raises this issue for the first time in his § 2255. The failure to raise an issue on direct appeal acts to bar a petitioner from raising that issue for the first time in a § 2255 motion. United States v. Frady, 102 .Ct. 1584, 1593-1594 (1982). To overcome this procedural default the defendant must show both (1) cause that excuses the default, and (2) actual prejudice from the errors that are asserted. United States v. Matthews, 114 F.3d 112, 113 (8th Cir. 1997). Here, defendant has not established any basis to overcome the procedural default, therefore, his claim is denied.

**Booker**

Next defendant claims that his sentence is in violation of the new rule in <u>United States v. Booker</u>, 543 U.S.220 (2005).  But the Eighth Circuit has determined that the new rule established in <u>Booker</u> is not retroactive on collateral attack.  <u>United States v. Never Misses a Shot</u>, 413 F.3d 781 (8th Cir. 2005).

Therefore based on this Memorandum and Order and filing No. 285, all claims in defendant's original and amended § 2255 are denied and an amended judgment will be entered accordingly.  Pursuant to Fed. R. App. P. 4(a)(1) defendant has sixty days to appeal the Amended Judgment by requesting a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

IT IS ORDERED:

1. That defendant's amended § 2255 motion is denied;
2. A separate amended judgment shall be entered; and
3. A copy of this order shall be mailed to the defendant at his last known address.

DATED this 18th day of August, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge