IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUSTIN J. ALLEE,<br><br>Petitioner,<br><br>vs.<br><br>NEBRASKA ATTORNEY GENERAL, and UNITED STATES OF AMERICA,<br><br>Respondents. | **8:05CV229**<br>**8:00CR83**<br><br><br>**MEMORANDUM AND ORDER** |

    This matter is before the Court on the motion to appoint counsel filed by Mr. Justin Allee, Filing No. 80 (05cv229) and Filing No. 361 and 363 (00cr83). Mr. Allee requests a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), both in this case and his criminal case, (00cr83), Filing Nos. 361 and 363. He contends he is apparently now, or has been, in solitary confinement with limited access to legal assistance. The government opposes these requests.

## **BACKGROUND**

    Mr. Allee is serving a 619-month sentence for conspiracy to commit bank robbery in violation of 18 U.S.C. § 371; armed bank robbery in violation of 18 U.S.C. §§ 2113(a), (b) and (2); carjacking in violation of 18 U.S.C. §§ 2119(ii) and (2); brandishing a firearm during the bank robbery and discharging a firearm during the carjacking in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (iii); and felon in possession of a firearm in violation of 18

1

U.S.C. § 922(g).  His conviction was affirmed on direct appeal, *United States v. Allee*, 299 F.3d 996 (8th Cir. 2002).  He is also serving a state sentence for murder.  He has filed a direct appeal, habeas, and successive habeas petitions.  He has challenged his sentence and underlying conviction on multiple occasions.  He has lost all requests and appeals.

The government opposes Mr. Allee's motions, as his convictions and related conduct include carjacking, shootings, and murder by the defendant.  Further, Section 403 of the First Step Act eliminated the 25-year mandatory minimum stacking provision under § 924(c).  The change is not retroactive and is applied only to those defendants who had not been sentenced prior to December 21, 2018. Mr. Allee is seeking retroactive application of Section 403 of the First Step Act.

## **DISCUSSION**

The Court finds there is no basis for Mr. Allee's request.  Mr. Allee sets forth no extraordinary circumstances such as medical conditions, age, or family responsibilities as set forth by the Sentencing Commission.  *See* Section 1B1.13.  He likewise has not served 75% of his term, but he has served at least 10 years.  He is not 65 years of age.  There simply are no extenuating or extraordinary circumstances that would justify compassionate release or reduction in this case.  Although current law no longer requires stacking of sentences, this law does not apply retroactively.   As stated by the Eighth Circuit:

> We need not decide whether the statute supersedes the policy statement in this respect because the district court's order showed that it considered the circumstances urged by [defendant] and found them insufficient. The court considered [defendant]'s contention that current law no longer calls for 'stacking' of consecutive sentences for multiple violations of 18 U.S.C. § 924(c) but explained the change in law does not apply retroactively.

*United States v. Loggins*, 966 F.3d 891, 892-893 (8th Cir. 2020). Likewise, the fact that COVID is in the prisons, in and of itself, is not sufficient to justify compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) ("The mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release …".) Mr. Allee has been in high security penitentiaries during his incarceration. At the time of these filings, that facility listed no COVID cases relative to inmates and only two positive staff employees.

THEREFORE, IT IS ORDERED THAT Mr. Allee's motion to appoint counsel in both cases herein, Filing No. 80 (05cv229), and 8:00cr83 (Filing Nos. 361 and 363) are denied.

IT IS FURTHER ORDERED THAT these cases are without merit as set forth herein and are dismissed.

Dated this 2nd day of March, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

3